**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1145-17T1

ANNMARIE KENNEDY,

     Plaintiff-Respondent,

v.

TROY DAVID KENNEDY,

     Defendant-Appellant.

_____

              Submitted October 31, 2018 – Decided  November 21, 2018

              Before Judges Alvarez and Mawla.

              On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FM-18-0559-06.

              Benjamin G. Schneider, attorney for appellant.

              Respondent has not filed a brief.

PER CURIAM

     Defendant Troy David Kennedy appeals from an October 6, 2017 order

denying his motion for reconsideration of a May 12, 2017 order requiring him

to pay $197 per week in child support to plaintiff Annmarie Kennedy. We affirm in part, and reverse and remand in part for a recalculation of child support consistent with this opinion.

The following facts are taken from the motion record. The parties were married in November 2000, and divorced in July 2006, pursuant to a judgment which incorporated a property settlement agreement (PSA) dated in March 2006. One child was born of the marriage, who was nearly fifteen years of age at the time of the motion.

In pertinent part, the PSA stated:

> The parties agree that they shall share [j]oint [l]egal and [p]hysical [c]ustody of their minor son . . . . Parenting time shall be shared equally by the parties, who shall alternate their parenting time with their minor son, as agreed, conditioned upon each party having equal parenting time with their son.

With respect to child support, the PSA provided, in part:

> Based upon the parties' agreement to share [j]oint [l]egal and [p]hysical [c]ustody of their minor son, with fifty-fifty parenting time, as well as the circumstances that the parties' relative incomes, as further set forth in this agreement, would be comparable, if the [defendant] is able to qualify to obtain a loan, including closing all closing costs sufficient to refinance the existing mortgage and equity loans, as well as to buy-out the [plaintiff's] interest in the marital residence as further set forth in this agreement, and if the [defendant] is solely entitled to the rental income from the tenants

2

currently occupying one-half of the marital residence, then neither party shall be obligated to pay child support to the other for the benefit of the parties['] minor son, at this time. However, in the event that the marital residence is sold to a third party, then the [defendant] shall be entitled to the payment of child support, since he will lose the benefit of the rental income from the marital residence. Neither party shall waive the right to make an application to the [c]ourt for the payment of child support by the other party, in the event of a significant change of circumstances. Upon notice to the other party of a claim of a significant change in circumstances, then both parties shall cooperate and exchange true copies of all income tax returns, W-2s, 1099s, pay stubs, and/or other evidence of income and/or compensation, upon the request of either party.

Post-judgment, plaintiff filed a motion for an order permitting her to enroll the parties' son in the Hillsborough School District where she resided, which the court granted on July 10, 2014. In April 2017, plaintiff filed a motion seeking an adjustment of the parenting schedule, sole residential custody, and child support.

At oral argument of plaintiff's motion, defendant stated he did not object to granting plaintiff residential custody. Therefore, on May 12, 2017, the motion judge entered an order memorializing the transfer of custody to plaintiff and granting her motion for child support pursuant to the Child Support Guidelines. The judge directed defendant to submit an updated Case Information Statement

3

(CIS) and supporting documents within twenty days of receipt of the order, in order to calculate child support.

On June 1, 2017, defendant filed his CIS. The CIS reported year-to-date earned income of $5760, and unemployment income of $8064 for the time period between January 1 and May 19, 2017. In "Part F – Statement of Special Problems" of the CIS defendant certified as follows:

> Defendant's annual gross earnings are impacted by three circumstances: (1) loss of rental income due to the relinquishment of his Somerville property as contemplated by the [P]SA; (2) the financial support of other dependents from his current marriage; and (3) the fact that he is a seasonal employee (supported by his three most recent paystubs as of May 19, 2017 skipping from late January/early February 2017 to May 2017).

Defendant also noted "[a]nnualizing his paystubs would substantially overstate his gross annual earnings." The three paystubs attached to his CIS, which were dated January 27, 2017, February 3, 2017, and May 19, 2017, indicated gross income of $960 per week.

Defendant's CIS also attached a joint income tax return for 2016, which listed two other children as dependents born of his second marriage. Defendant

also provided his 2015 and 2016 W-2 forms, which denote income of $26,880 and $32,640, respectively.[1]

Plaintiff had provided a CIS dated April 1, 2017, when she filed her motion. According to the CIS, her year-to-date gross earnings were $3150 for the period of January 1, 2017 to March 30, 2017. Plaintiff's CIS also reported year-to-date gross unearned income of $6921, from monthly social security disability payments. Plaintiff's CIS also reported the parties' son had received social security derivative disability payments totaling $1218 per month.

On August 21, 2017, the motion judge filed a Uniform Summary Support Order (USSO) ordering defendant to pay plaintiff $197 per week in child support, effective April 4, 2017. The USSO and the attached guidelines indicated a gross weekly income of $523 for plaintiff and $1087 for defendant. "Line 5" of the custodial parent's column of the guidelines worksheet entitled "Government (Non-Means Tested) Benefits for the Child" reflected $0. The worksheet also did not calculate an other dependent deduction (ODD) to take into account the children from defendant's remarriage.

Defendant filed a timely motion for reconsideration of the USSO. In his certification he argued "the information contained on the . . . [g]uidelines . . .

---

[1] The copies of defendant's W-2 forms are somewhat illegible.

 A-1145-17T1

containing all of the incomes and obligations of both parties includes inconsistencies and does not reflect what is indicated for the same in the [CISs] that were submitted to the courts prior to the [USSO]." He argued the guidelines should be re-calculated "in order to ensure [he] [could] properly support all three of [his] children based on [his] actual income, as well as . . . [p]laintiff's actual income, including, . . . her part-time job income, Social Security Disability benefits, and Social Security Auxiliary benefits for . . . [the parties' son]." Plaintiff opposed defendant's motion for reconsideration and argued his assertions were not supported by the documentation he provided.

On October 6, 2017, the motion judge entered an order denying the motion for reconsideration. The judge found defendant failed to meet his burden for reconsideration to prove "with specificity[,] facts or law the [c]ourt . . . overlooked or wrongly relied upon." According to the judge, defendant "simply state[d] the [c]ourt erred in its calculations of child support, because the [c]ourt used the wrong incomes and obligations provided in the parties' CISs[,]" but failed to sufficiently explain which obligations or amounts were omitted, and why those obligations should have been included. The judge also found defendant failed to prove why the court's calculation of defendant's gross weekly income was incorrect, and failed to provide objective evidence of his wife's

6

income and expenses for his children in order to calculate the ODD. This appeal followed.

"Motions for reconsideration are granted only under very narrow circumstances[.]" Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002). A party seeking reconsideration shall state "the matters or controlling decisions which [he or she] believes the court has overlooked or as to which it has erred[.]" R. 4:49-2. As such, reconsideration should be used only for those cases where "either (1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco, 349 N.J. Super. at 462 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)); see R. 4:49-2. We review a trial court's denial of reconsideration for abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

On appeal, defendant argues the motion judge miscalculated child support because she did not include the social security benefit received by the parties' son. Defendant also argues the judge miscalculated his income by assuming he earned $960 every week, when in reality, he has had sporadic employment and relies upon unemployment compensation when there is no work. Defendant also

argues the judge did not consider the loss of his rental income when the marital residence was sold. Defendant argues the judge failed to calculate the guidelines with an ODD. He asserts the proper support figure should have been $98 per week. We address these arguments in turn.

Defendant urges us to reverse the USSO because the guidelines attached to it failed to include social security disability derivative benefits paid to the parties' son. Defendant notes he derived the figure from plaintiff's CIS and provided it to the judge in his proposed guidelines worksheet attached to his motion for reconsideration.

The guidelines state:

> Derivative benefits have eligibility standards that are based on the contribution (e.g., . . . disability . . .) of one of the parties, without regard to family income. This includes but is not limited to Social Security Disability[.] . . . Such payments are either deducted from a parent's government benefit or paid in addition to the parent's benefit. These child benefits are earned benefits that are meant to replace the lost earnings of the parent in the event of disability or retirement. <u>The derivative child benefits shall be counted in the weekly net income of the parent whose contribution is the source of the benefits and applied as a credit to that parent's child support obligation.</u> If the amount of the support obligation after deducting the benefits is zero, then the child support obligation is satisfied and no support award should be ordered while the child is receiving the benefits.

> [Child Support Guidelines, Pressler & Verniero,
> <u>Current N.J. Court Rules</u>, Appendix IX-A to <u>R.</u> 5:6A,
> www.gannlaw.com (2018) (emphasis added)].

We agree the motion judge erred when she failed to include the social security disability derivative benefits paid to the parties' son in her guidelines calculation. That figure was contained in plaintiff's CIS when the initial child support calculation was made, and also pointed out by defendant on reconsideration. Therefore, because the motion judge overlooked this evidence, we reverse and remand this aspect of the decision for the judge to make the correct computation.

Defendant argues the motion judge should not have utilized the three paystubs he attached to his CIS to calculate his income, because as a stone mason, his income is sporadic. Additionally, he claims the judge erred in considering rental income generated by the marital residence in her calculation because the property has been relinquished.

The guidelines provide instruction as to calculating gross income where the source is sporadic or fluctuates. Appendix IX-B states:

> If income from any source is sporadic or fluctuates from year-to-year . . ., the amount of sporadic income to be included as *gross income* shall be determined by averaging the amount of income over the <u>previous [thirty-six] months or from the first occurrence of its receipt whichever time is less</u>.

[Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-B to R. 5:6A, www.gannlaw.com (2018) (emphasis added).]

"[T]he court may exclude sporadic income if the party can prove that it will not be available in an equivalent amount in the future." Ibid.

Here, defendant's proofs fell short of the disclosures required by the guidelines. At the outset, it is not evident whether defendant provided his 2015 and 2016 W-2 forms to the judge because his certification in support of the reconsideration motion does not reference the documents. Assuming defendant provided the W-2 forms along with the three 2017 paystubs, these documents did not address his income dating back to May 2014 to permit the judge to assess his income for the thirty-six month period required under the guidelines. Furthermore, beyond a bare assertion that his income was sporadic, defendant's certification shed no light on whether the sporadic income would be unavailable in the future. Thus, the motion judge did not abuse her discretion and we decline to disturb the order on these grounds.

However, we agree it was an abuse of discretion for the motion judge to include rental income defendant no longer receives in the guidelines calculation. Although defendant's 2016 tax return included a total annual rental income of $6599, or $127 per week, he certified the income had disappeared as a result of

10

the sale of the former marital residence. Plaintiff's reply certification acknowledged the sale of the residence as well. Indeed, she certified:

> While I am sensitive to the fact that [d]efendant was required to relinquish title of the marital home, I do not believe it is germane to this matter. While . . . [d]efendant intimates that his income has been reduced as a result of losing the rental aspect, he did recently receive a large lawsuit [settlement] that would seem sufficient to present as a good-faith payment to retain the home and provide a stable environment in the event that our son expressed interest in overnight parenting time.

The judge also acknowledged defendant's claims relating to the sale of the residence in the May 12, 2017 order:

> Defendant notes that the PSA was crafted to protect his right to child support in the event the marital home was sold and he no longer collected the rental income. . . . Defendant proposes that the sale of the marital home and the change in residential custody, to which he consents, present competing changes in circumstances that should be considered.

Additionally, as we noted, when defendant filed his CIS pursuant to the May order, he certified to the loss of the rental income in Part F of the document.

We are convinced the motion judge included the rental income in the guidelines calculation, despite the evidence in the record demonstrating the loss of the rental income. As we noted, defendant's paystubs showed a gross weekly income of $960 per week. Defendant's 2016 joint tax return claims $6559 rental

A-1145-17T1

income, which equates to $127 per week. The gross weekly income, including the rental income totals to $1087, which the motion judge input as defendant's gross income into the guidelines attached to the USSO. Therefore, on remand, the motion judge shall recalculate the guidelines and exclude the rental income from the child support calculation, or make further findings as to why the $1087 does not include rental income.

Finally, we affirm the motion judge's decision not to calculate the guidelines utilizing an ODD. The guidelines explain the ODD as follows:

> These guidelines include a mechanism to apportion a parent's income to all of his or her legal dependents regardless of the timing of their birth or family association (i.e., if a divorced parent remarries and has children, that parent's income should be shared by all children born to that parent).
>
> [Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, www.gannlaw.com (2018).]

Additionally, "where there is not an order requiring either parent to pay support for the other dependent this adjustment shall be used only if the income, if any, of the other parent of the secondary family is provided to or ascertainable by the court[.]" Ibid. (emphasis added). Importantly, the guidelines specify "this adjustment may be applied to other dependents born before or after the child for whom support is being determined[.]" Ibid. (emphasis added). As such, whether

an ODD is calculated is subject to the court's discretion, and to financial disclosures made by the parent seeking the ODD and his or her spouse.

Defendant argues the motion judge erred because he disclosed his wife's income on a proposed sole parenting worksheet he prepared in support of the reconsideration motion. We disagree. Defendant's disclosure was not of the sort required under the guidelines, and instead was a bare assertion unsupported by objective evidence of his wife's income. As the motion judge noted, defendant

> provide[d] an amount for the [ODD], but [did] not provide evidence of how the amount was calculated. Defendant [did] not [submit] to the [c]ourt financials, besides the joint 2016 tax returns, to corroborate the ODD calculation such as his current spouse's pay stubs, children's healthcare expenses, or child care expenses.

The only indicia of income for defendant's wife was the $400 gross weekly income included on the proposed worksheet, and the $48,017 joint income on the 2016 tax returns. The $400 per week annualizes to $20,800, and defendant's 2016 W-2 indicated he earned $32,640, for a total of $53,440. This sum exceeds the income reported on the 2016 tax return. According to the return, the income for defendant's wife should be $15,377 ($48,017 - $32,640 = $15,377). However, this sum equates to $296 per week, which clearly does not match the $400 defendant assigned to his wife on his proposed guidelines. For these

13

reasons, the motion judge did not abuse her discretion to deny defendant the benefit of an ODD.

Affirmed in part, and reversed and remanded in part for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1145-17T1